BLACK DIAMOND COAL COMPANY AND CORA COAL COMPANY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32458. Promulgated January 18, 1932.

*A. M. Fitzgerald, Esq.,* for the petitioners.
*John H. Pigg, Esq.,* for the respondent.

216

## OPINION.

MARQUETTE: One of the questions presented in this proceeding is whether the respondent erred in his determination of the amount of profit derived from the sale of certain coal properties in 1925. That determination was based upon an erroneous estimate of the amount of recoverable coal remaining in the land sold. The respondent now admits his error and that the amount of recoverable coal so remaining was 3,243,481 tons of the value of 2½ cents per ton. The tax liability of the petitioners for 1925 should, therefore, be recomputed upon the basis of the larger amount of recoverable coal tonnage.

The other question before us is whether the petitioners were affiliated with the Panther Creek Mines, Inc., during the year 1923.

The Revenue Act of 1921 in section 240 (c) defines affiliated corporations as follows:

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others; or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

No claim is here made, nor does the record disclose, either that petitioners owned or controlled in any way any of the capital stock of the Panther Creek Mines, or that the latter company owned or in any way controlled any of the capital stock of either petitioner. If affiliation existed, it must have been because substantially all of the stock of the petitioners and of the Panther Creek Mines was owned or controlled by the same interests.

It is shown by the evidence that four men, George, Henry, Robert and Edward Solomon, owned outright 80 per cent of the capital stock of both petitioners, and 95 per cent of the capital stock of Panther Creek Mines, Inc. The remaining 20 per cent of the capital stock of both petitioners was owned by P. H. Solomon, but he owned or controlled no stock in Panther Creek Mines; and Fish, who owned 5 per cent of the Panther Creek Company's stock, did not own or

control any of the capital stock of either petitioner. The evidence also establishes the fact that each of the above stockholders was entirely free to sell any or all of the stock he owned, whenever and to whomsoever he pleased. Each stockholder had absolute dominion over his stocks and was not subject to any control, from any source, respecting them.

The situation here disclosed resembles that in the case of *Handy & Harman* v. *Burnet*, 284 U. S. 136. In that case it was held that control of the business policies and management of two corporations was not the control contemplated by the statute and, where there is a substantial minority, unless there is a control of the stock of such minority, there is no affiliation of the corporation. See also *Ice Service Co.* v. *Commissioner*, 30 Fed. (2d) 230; *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 645; and *Conley Tin Foil Corporation*, 17 B. T. A. 65.

In *Adolph Hirsch & Co.*, *supra*, the court said:

> The management of the business of the corporation is not the control required by the statute. It refers to stock control. The fact that the minority is acquiescent and permits the majority to manage the business does not prove actual control over the minority interest. Nor does a control based upon friendship or professional relations satisfy the statute. The control of the stock owned by the same interest refers to beneficial interest. This meaning is consistent with the purpose of the statute to extend to those subject to the hazard of the enterprise, when they are substantially one and the same, the benefit of the consolidated reports.

In the light of the decisions above cited, it is clear that the interests which owned substantially all of the capital stock of Panther Creek Mines, Inc., did not own or control more than 80 per cent of the capital stock of each of these petitioners, within the meaning of the statute. That amount is not "substantially all" as contemplated by the law. *Handy & Harman* v. *Burnet*, *supra*. Therefore, the petitioners were not affiliated with Panther Creek Mines, Inc., during 1923 and the action of the respondent in that regard is sustained.

*Decision will be entered under Rule 50.*